IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREAT AMERICAN INSURANCE COMPANY,

                Plaintiff,

v.

BRIAN GILBERTSON,

                Defendant,

v.

NORTHERN INDUSTRIAL SANDS, LLC
NI SAND HOLDING, LLC, and
NORTHERN RAIL & TRANSLOAD, LLC,

                Third-Party Defendants.

OPINION and ORDER

20-cv-612-jdp

---

Plaintiff Great American Insurance Company is suing defendant Brian Gilbertson for breaching a 2017 indemnity agreement, and it has filed an early motion for summary judgment. Dkt. 17. Great American is an Ohio citizen, Gilbertson is a Minnesota citizen, and the amount in controversy in more than $75,000, so the court may exercise jurisdiction under 28 U.S.C. § 1332.

The sole issue raised in Gilbertson's opposition brief is one that Great American didn't anticipate in its opening brief, namely, that a 2019 indemnity agreement was a novation that superseded the 2017 agreement. The court isn't persuaded that Gilbertson has adduced enough evidence at this stage to support a novation defense. But the court will deny Great American's motion for summary judgment as premature because Great American filed its motion before Gilbertson had a fair opportunity to gather additional evidence.

UNDISPUTED FACTS

In April 2017, Great American issued a surety bond on behalf of Northern Industrial Sands, LLC in the amount of $955,179.00. Barron County was the obligee on the bond. In connection with that bond, Northern Industrial Sands, LLC, NI Sand Holding, LLC, and Gilbertson entered into an indemnity agreement with Great American. The agreement requires Gilbertson and the two companies to indemnify Great American for any losses that it might sustain from any claim against the bond.

Two years later, Northern Industrial negotiated with Great American to increase the limit on the bond. At that time, the parties discussed whether Gilbertson would personally guarantee the increased bond. Tim Brady (Northern Industrial's representative in the negotiations), told Gilbertson that Steve Mack (Great American's representative in the negotiations) told Brady that Great American wanted Gilbertson to sign a new indemnity agreement. But Gilbertson told Brady that he wouldn't personally guarantee the new bond. Brady told Gilbertson that he would inform Mack of what Gilbertson said. Brady later told Gilbertson that Great American was satisfied with Northern Industrial's financial condition, and Great American agreed to underwrite the new bond without any personal guarantees.

In April 2019, Great American issued a replacement bond increasing the bond limit amount to $1,088,411.00. There was also a new indemnity agreement. Gilbertson signed the agreement on behalf of Northern Industrial, NI Sand Holding, Northern Rail and Transload, and Northern Capital Partners I, LP, but he didn't sign the agreement in his individual capacity as he had on the first agreement.

In June 2020, Barron County submitted a claim against the bond seeking recovery of the full amount. Dkt. 22 at ¶ 7. Great American then filed suit to enforce the original indemnity agreement against Gilbertson.[1]

ANALYSIS

The parties agree that Ohio law applies to their dispute, but both sides cite case law from other jurisdictions, and neither side identifies any differences between Ohio law and the law of other states. A novation occurs "where a previous valid obligation is extinguished by a new valid contract, accomplished by substitution of parties or of the undertaking, with the consent of all the parties, and based on valid consideration." *McGlothin v. Huffman*, 94 Ohio App. 3d 240, 244, 640 N.E.2d 598, 601 (1994). The only issue discussed by the parties is whether a reasonable jury could find that Great American consented to accept the 2019 agreement as a substitute for the 2017 agreement. Evidence of consent must be "clear and definite," but consent need not be stated expressly in the agreement; it may be implied from circumstances or conduct. *In re Fair Fin. Co.*, 834 F.3d 651, 667 (6th Cir. 2016) (applying Ohio law).

Neither party points to any language in the 2019 agreement indicating whether it was meant to supplement or entirely supplant the 2017 agreement.[2] Instead, Gilbertson relies

---

[1] Great American originally sued Northern Capital Partners as well but later dismissed that defendant. *See* Dkt. 32 and Dkt. 33.

[2] In its reply brief, Great American relies on a provision in the 2017 agreement that it says bars Gilbertson from relying on the 2019 agreement. Dkt. 23, at 2 ("The Undersigneds obligations under this Agreement may only be terminated by sending written notice to the Surety by registered mail addressed to the Bond Department of the Surety at its then-current administrative office."). But Great American didn't include this argument in its opening brief, and it doesn't develop the argument in its reply brief, so the argument is forfeited for the

3

primarily on two pieces of evidence to support his contention that consent may be inferred in this case: (1) Northern Industrial and NI Sand Holding are parties to the 2019 indemnity agreement even though they were already parties to the 2017 indemnity agreement; and (2) Gilbertson's conversations with Tim Brady.

## A. Parties to the agreement

Great American's position is that the 2017 indemnity agreement makes Gilbertson and any other signatory to the 2017 agreement responsible for the full amount of any bond issued by Great American on behalf of Northern Industrial, including the 2019 bond at issue in this case. So regardless whether Gilbertson signed the 2019 indemnity agreement, Great American says, he is still obligated to pay the full amount owed on the 2019 bond. In other words, Great American's position appears to be that the 2019 indemnity agreement is simply a supplement to the 2017 indemnity agreement that adds more indemnitors but doesn't affect the liability of the original signatories.

But if the 2019 agreement was intended as a supplement rather than a substitute for the 2017 agreement, as Great American contends, why were two of the same parties included in both agreements? Northern Industrial, NI Sand, and Gilbertson were all parties to the 2017 indemnity agreement. Northern Industrial and NI Sand were parties to the 2019 agreement as well, but Gilbertson wasn't. Great American doesn't explain why it required Northern Industrial and NI Sand to sign the 2019 agreement if the 2017 agreement would have kept all the signatories to the 2017 agreement on the hook for the larger bond.

---

purpose of this motion. *Irish v. BNSF Ry. Co.*, 674 F.3d 710, 716 (7th Cir. 2012); *Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009). Great American is free to include a more developed argument in a renewed motion for summary judgment.

The court in *Utica Mutual Insurance Co. v. Vigo Coal Co*. addressed a similar issue: "The only clue in the agreements themselves that the second one might be a novation is that Atlas signed both, and if the only purpose of the second was to add an indemnitor, namely Schulties, why did Atlas sign it, having signed the identical first agreement, unless that wasn't the purpose, and the second agreement replaced rather than supplemented the first?" 393 F.3d 707, 710 (7th Cir. 2004). The court held that the "anomaly" with the parties was evidence of an ambiguity that permitted the court to consider other extrinsic evidence. *Id.* at 713.

So the inclusion of Northern Industrial Sands and NI Sand Holding in both agreements is some evidence that the 2019 agreement was a novation of the 2017 agreement. But evidence of a novation must be "clear and definite." *In re Fair*, 834 F.3d at 667. In *Utica,* the court relied on much other evidence about the parties' course of dealing. *See* 393 F.3d at 713. By itself, the ambiguity raised by the parties to the agreements isn't enough by itself to allow a reasonable jury to find a novation, but it is enough to allow the court to look at other extrinsic evidence.

## B.  Conversations with Tim Brady

Gilbertson's other evidence comes from conversations he had with Tim Brady, who was the representative for Northern Industrial during its negotiations with Great American for the 2019 bond and accompanying indemnity agreement. Gilbertson says that he told Brady that he wouldn't be a personal guarantor on the new bond and that Brady relayed a message from Great American that it was satisfied with Northern Industrial's financial condition, so it would approve the new bond without a personal guarantee.

If Gilbertson's allegations are true, the discussions among the party representatives is strong evidence of Great American's consent to substitute the 2019 agreement. But Gilbertson hasn't submitted admissible evidence to support his allegations. He relies solely on his own

declaration; he didn't submit the testimony of Brady or Steve Mack, Great American's representative who allegedly told Brady that Great American didn't need a personal guarantee for the 2019 bond. Gilbertson's testimony on the crucial point is hearsay: he doesn't have personal knowledge of what Mack said. *See* Fed. R. Civ. P. 56(c)(4) (requiring that declarations used to support or oppose a motion for summary judgment be "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated"). So the court can't consider Gilbertson's declaration.

Ordinarily, a party's failure to submit sufficient evidence to support a claim or defense means that the court must grant summary judgment against that party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). But Great American filed its motion for summary judgment early in the case, and Gilbertson says that he didn't have an opportunity to conduct discovery. He makes a request under Federal Rule of Civil Procedure 56(d) to gather additional evidence in support of his novation defense. The court is persuaded that Gilbertson is entitled to develop that evidence, and it will deny Great American's motion for summary judgment without prejudice. But either party is free is to file a renewed motion for summary judgment.

ORDER

IT IS ORDERED that defendant Great American Insurance Company's motion for summary judgment, Dkt. 17, is DENIED without prejudice.

Entered August 27, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge